IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| AUGUST DEBRAVANT, | * | |
| Plaintiff, | * | |
| vs. | * | |
| ALL AMERICAN QUALITY FOODS, DONNA TOMPKINS, JOHN DOE, and COLUMBUS CONSOLIDATED GOVERNMENT, | * * | CASE NO. 4:20-CV-133 (CDL) |
| | * | |
| Defendants. | * | |

O R D E R

An employee of All American Quality Foods, while accompanied by an off-duty Muscogee County Sheriff's deputy, asked August Debravant, who was shopping at one of All American's Food Depot stores with his service dog, to leave the store because pets were prohibited inside the store. Debravant alleges that his ejection from the store violated Title III of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 to 12189. Debravant brings claims against All American Quality Foods, Muscogee County Sheriff Donna Tompkins, and the Columbus Consolidated Government ("CCG"). Tompkins and CCG filed a motion to dismiss the claims against them. As discussed below, the motion (ECF No. 5) is granted.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Debravant and his dog Pooh Pooh went grocery shopping at the Food Depot on May 23, 2018. A Food Depot employee, accompanied by "an off-duty Sheriff from the Muscogee County Sheriff's department," asked Debravant to leave the store because pets were not allowed. Compl. ¶ 10, ECF No. 1-2. Debravant told the Food Depot employee and the deputy that Pooh Pooh was a "service dog that he often used for companionship

2

after losing his wife." *Id.* ¶ 11. The Food Depot employee and the deputy removed Debravant and Pooh Pooh from the store. Debravant claims that as a result, he suffered public humiliation, stress, and embarrassment. Debravant asserts that Pooh Pooh was a service animal within the meaning of the ADA.

## DISCUSSION

Tompkins and CCG interpret Debravant's Complaint to assert the following claims against them: (1) claim under Title III of the ADA, (2) state law claims against CCG and Tompkins in her official capacity for negligence, negligent training, and intentional infliction of emotional distress, and (3) state law claims against Tompkins in her individual capacity for negligence, negligent training, and intentional infliction of emotional distress. Tompkins and CCG move to dismiss all these claims. They also ask the Court to dismiss any claims against "John Doe," the unidentified off-duty deputy. The Court addresses each claim in turn.

**I.  Claim Under Title III of the ADA**

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation *by any person who owns, leases (or leases to), or operates a place of public accommodation*." 42 U.S.C. § 12182(a) (emphasis added).

3

Debravant does not allege that CCG or Tompkins owned, leased, or operated the Food Depot. Accordingly, under the plain language of the statute, Debravant may not pursue Title III ADA claims against CCG or Tompkins, even if he did adequately allege that he is an individual with a disability and that Food Depot unlawfully denied him access to its store. This claim against Tompkins and CCG is dismissed.

**II. Claims Against CCG and Tompkins in her Official Capacity**

Debravant asserts state law claims against CCG and Tompkins in her official capacity for negligence, negligent hiring, and intentional infliction of emotional distress. CCG and Tompkins argue that these claims are barred by sovereign immunity. The Georgia Constitution extends sovereign immunity "to the state and all of its departments and agencies." Ga. Const. art. I, § 2, ¶ IX(e). This sovereign immunity also covers county sheriffs like Tompkins. *Gilbert v. Richardson*, 452 S.E.2d 476, 484 (Ga. 1994). And it extends to counties. *Id.* Under Georgia law, the tort liability of CCG, a consolidation of the former governments of Muscogee County and the City of Columbus, is the same as tort liability applicable to counties. *Bowen v. Columbus*, 349 S.E.2d 740, 741-42 (Ga. 1986) (upholding the amendment to the Columbus charter stating that tort liability "of the consolidated government shall be the tort liability applicable to counties). Debravant did not allege any facts to

4

suggest that CCG or the Muscogee County Sheriff waived sovereign immunity for claims like the ones Debravant asserts here. Accordingly, sovereign immunity bars Debravant's state law claims against CCG and Tompkins in her official capacity, and those claims are dismissed.

**III. Claims Against Tompkins in her Individual Capacity**

Debravant brings state law claims against Tompkins in her individual capacity for negligence, negligent hiring, and intentional infliction of emotional distress. He asserts that Tompkins did not adequately supervise or train the unidentified off-duty deputy who helped the Food Depot employee remove Debravant and Pooh Pooh from the store. Tompkins argues that she is entitled to official immunity on these claims. The Court agrees. Georgia law enforcement officers are entitled to official immunity on tort claims against them for their discretionary acts unless they acted "with actual malice or with actual intent to cause injury." *Kidd v. Coates*, 518 S.E.2d 124, 125 (Ga. 1999) (quoting Ga. Const. Art. 1, § 2, ¶ IX(d)). "The phrase 'actual intent to cause injury' has been defined in a tort context to mean 'an actual intent to cause harm to the plaintiff, not merely an intent to do the act purportedly resulting in the claimed injury.' " *Id.* (quoting *Frame v. Boatmen's Bank*, 782 S.W.2d 117, 121 (Mo. App. 1989)).

5

Here, Debravant's state law claims against Tompkins are for inadequate training and supervision. These functions are discretionary. *Russell v. Barrett*, 673 S.E.2d 623, 629 (Ga. Ct. App. 2009) (finding that operation of a sheriff's department, including the training and supervision of deputies, is a discretionary function). Debravant did not allege any facts to support a plausible claim that Tompkins acted with actual malice or actual intent to injure him when she trained and supervised the unidentified off-duty deputy. Accordingly, Tompkins is entitled to official immunity on the individual capacity state law claims against her.

**IV.  Claims Against John Doe**

Finally, Debravant asserts claims against "John Doe," an "unidentified off duty member of the Sheriff Office" who was working at Food Depot on May 23, 2018. Compl. 1, ECF No. 1-2. In a footnote, CCG and Tompkins argue that the claims against "John Doe" should be dismissed because, in general, "fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). There is a limited exception: when the "plaintiff's description of the defendant is so specific" that the person can be identified for service. *Id.* Here, Debravant contends that his description of "John Doe" is sufficient because he alleges that "John Doe" is the off-duty deputy who was working at Food Depot on May 23,

6

2018.  Thus, the identity of this deputy should not be difficult to ascertain.  Although discovery commenced in August 2020, Debravant has not sought leave to amend his Complaint to add "John Doe" as a party using his real name.  If Debravant does not, within fourteen days of the date of this Order, seek leave to amend his Complaint to substitute the real name for "John Doe," his claims against "John Doe" will be dismissed.

## CONCLUSION

The motion to dismiss filed by Tompkins and CCG (ECF No. 5) is granted.  All claims against Tompkins and CCG are dismissed.  The claims against All American Quality Foods/Food Depot remain pending.

IT IS SO ORDERED, this 7th day of December, 2020.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA
